TUCKER ELLIS LLP
Howard A Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff
SIMON G. JEWELRY, INC.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON G. JEWELRY, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>MILANJ DIAMONDS OF KING OF PRUSSIA, INC. and JALIL H. BAMI,<br><br>    Defendants. | Case No. 2:18-CV-8059<br><br>**COMPLAINT FOR CIVIL EXTORTION** |

Plaintiff Simon G. Jewelry, Inc. ("Simon G."), by and through its attorneys, Tucker Ellis LLP, files its complaint against Milanj Diamonds of King of Prussia, Inc. ("Milanj") and Jalil H. Bami ("Jalil") (collectively "Defendants") for civil extortion as follows:

## The Parties

1.     Simon G. is a California corporation with its principal place of business in Glendale, California.  Simon G. is a designer and manufacturer of fine jewelry.

2.     Simon G. is informed and believes, and on that basis alleges, that Milanj Diamonds of King of Prussia, Inc. is a Pennsylvania corporation.  Milanj is an authorized retailer of Simon G.

3.     Simon G. is informed and believes, and on that basis alleges, that Jalil H. Bami, the owner of Milanj, is a resident of Pennsylvania.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**Jurisdiction and Venue**

4.      This case is a civil action arising under California Penal Code § 496(c).

5.      This Court has subject matter jurisdiction over the claims in this Complaint based on diversity of jurisdiction and pursuant to 28 U.S.C. § 1332.  Simon G. and Defendants are citizens of different States and the matter in controversy exceeds $75,000.

6.      This Court has personal jurisdiction over Defendants because Defendants transact business and have other related activities within the Central District of California.  Defendants regularly do and solicit business and derive substantial revenue from doing business in this Judicial District.  In addition, Defendants have undertaken acts of extortion that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Simon G. in California.

7.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**First Cause of Action**

(Civil Extortion Under California Penal Code § 496(c))

8.      Simon G. realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 7 of this Complaint as though fully set forth.

9.      Since at least 2013, Milanj has had an agreement with Simon G. to purchase jewelry from Simon G.

10.     In March 2017, Defendants received a cease and desist letter dated March 1, 2017 from Cartier International AG ("Cartier") claiming that Defendants were selling a bracelet that infringed Cartier's intellectual property rights.

11.     The accused bracelet was designed and manufactured by Simon G. and sold by Simon G. to Defendants.

12.     Jalil informed Simon G. that Defendants had received the cease and desist letter and that he would "protect" Simon G. from the claim.

13.    Jalil threatened that if Simon G. did not pay $160,000 to Defendants or their affiliates, he would no longer "protect" Simon G. and would inform Cartier that the accused bracelet came from Simon G.

14.    Jalil further threatened that if Simon G. did not pay $160,000 to Defendants or their affiliates, he would reveal purportedly damaging and secret information to Cartier, and other jewelry companies, about other purportedly wrongful acts committed by Simon G.

15.    In response to these threats, Simon G. feared that, if Simon G. did not pay Defendants $160,000, Defendants would spread undisclosed and damaging "secret" information to Cartier and/or other competitors and that Simon G.'s business reputation would be harmed by Defendants.

16.    In oral conversations and in writing, Jalil directed Simon G. to send payments to Yehuda Sayag of Eran Diamonds in Israel for $110,000 and to Tony Alidjani in Philadelphia for $50,000.

17.    In April 2017, fearing that its business reputation would be harmed by Defendants, Simon G. transferred by wire a total of $160,000 to Eran Diamonds and Tony Alidjani.

18.    Simon G. is informed and believes, and on that basis alleges, that Defendants never contacted Cartier or responded to Cartier's March 1, 2017 cease and desist letter.

19.    Simon G. is informed and believes, and on that basis alleges, that Defendants never contacted Cartier or responded to Cartier's follow-up letter on March 23, 2017.

20.    Simon G. is informed and believes, and on that basis alleges, that because Defendants never contacted Cartier, Cartier sent a cease and desist letter to Simon G. in June 2017 regarding the same accused bracelet.

21.    In December 2017, Simon G. and Cartier amicably resolved their dispute.

22.     In May, June and July 2018, and despite receiving payment of $160,000, Defendants again threatened Simon G. that, unless Simon G. agreed to Defendants' current demands, Defendants would harm Simon G.'s business reputation by revealing purportedly damaging and secret information about other purportedly wrongful acts committed by Simon G.

23.     Defendants' actions constitute civil extortion under California Penal Code §§ 496(c), 518 and 510.

24.     As a direct and proximate cause of Defendants' acts of civil extortion, Simon G. has suffered damages of at least $160,000.

25.     Given the intentional acts of civil extortion by Defendants, the damages suffered by Simon G. should be trebled pursuant to California Penal Code § 496(c).

### Request for Relief

Therefore, Simon G. respectfully requests judgment against Defendants as follows:

1.     That the Court enter a judgment against Defendants that Defendants have committed civil extortion in violation of California Penal Code §§ 496(c), 518 and 510.

2.     That Simon G. be awarded damages in the amount of $160,000.

3.     That the damages be trebled pursuant to California Penal Code § 496(c).

4.     That Simon G. be awarded its reasonable attorney's fees pursuant to California Penal Code § 496(c).

5.     That Simon G. be awarded its costs of suit.

6.     For such other or further relief as the Court may deem just and proper.


DATED:   September 17, 2018          Tucker Ellis LLP


                                     By:   /s/Howard A. Kroll
                                           _____
                                           Howard A Kroll
                                           Attorneys for Plaintiff
                                           SIMON G. JEWELRY, INC.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

# DEMAND FOR TRIAL BY JURY

Plaintiff Simon G. hereby demands a trial by jury to decide all issues so triable in this case.

DATED:    September 17, 2018          Tucker Ellis LLP


By:    /s/Howard A. Kroll
_____
Howard A Kroll
Attorneys for Plaintiff
SIMON G. JEWELRY, INC.

1380890.1